IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAUNA MICHELE JACKSON,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

    Defendant.

Civ. No. 1:16-cv-00216-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Shauna Jackson brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI). The Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons stated below, the Commissioner's decision is reversed and remanded for further proceedings to (1) resolve the conflict between Ms. Jackson's limitations and the occupational demands; and (2) assess the severity of Ms. Jackson's bunion and incorporate findings into her RFC

1 - OPINION AND ORDER

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed an application for disability insurance benefits on March 2, 2004, alleging disability beginning January 12, 2004. Tr. 199. Plaintiff's application was denied, and she requested a hearing before an Administrative Law Judge (ALJ). Tr. 217-232. A hearing was held on November 9, 2006 (Tr. 189), and on April 23, 2007, the ALJ issued a decision finding plaintiff was not disabled. Tr. 186. On June 18, 2009, the Appeals Council denied Ms. Jackson's request for review. Tr. 16. Ms. Jackson appealed the final decision of the Commissioner to the United States District Court and the ALJ's decision was remanded. Tr. 1108, 1465. On December 14, 2011, Ms. Jackson appeared before ALJ Lazuran for a second hearing. Tr. 1449. On March 30, 2012, ALJ Lazuran issued a Partially Favorable Decision, finding Plaintiff disabled on November 5, 2009. Tr. 1450. Ms. Jackson appealed the Partially Favorable Decision, and on September 18, 2013, the Appeals Council remanded the ALJ's decision. Tr. 1465. On August 12, 2014, Ms. Jackson appeared before ALJ Michaelsen. Tr. 1101. On November 7, 2014, ALJ Michaelsen issued an Unfavorable Decision, upholding Plaintiff's onset date. Tr. 1098. On January 7, 2015, Ms. Jackson appealed this decision to the Appeals Council. Tr. 1095. The Appeals Council denied Ms. Jackson's request for review. Tr. 1089. This appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence on the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978,

980 (9th Cir. 1997)). To determine whether substantial evidence exists, this Court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193; *Aukland v. Massanari,* 257 F.3d 1033, 1034-35 (9th Cir. 2000) (when evidence can rationally be interpreted in more than one way, the court must uphold the Commissioner's decision). A reviewing court, however, "cannot affirm the Commissioner's decision on a ground that the Administration did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). A court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## **DISCUSSION**

The Social Security Administration uses a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity, age, education, and work experience. *Id.*

Here we address step five of the most recent Unfavorable Decision that maintained the disability onset date of November 5, 2009, but not before. The ALJ determined that Ms. Jackson

was not disabled before that date because she was able to perform the representative occupation of surveillance system monitor. (DOT# 379.367-010). Tr. 1106.

Plaintiff argues this job is incompatible with Ms. Jackson's RFC because her RFC does not include Level 3 Reasoning. Pl.'s Br. 4, ECF No. 11. Plaintiff points to the Ninth Circuit holding that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning." *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015). Here, while the ALJ limited Ms. Jackson to simple, routine tasks (Tr. 1105) the representative occupation of surveillance system monitor requires level 3 reasoning. *Dictionary of Occupational Titles*. Plaintiff is requesting relief in the form of either a remand to resolve this apparent conflict or a remand for immediate payment of benefits.

The Commissioner concedes that there is a conflict between the RFC and the ability to perform the surveillance system monitor job as well as other jobs at step five, and requests remand so that further vocational testimony may be taken to resolve the conflict. Def.'s Br. 4-5, ECF No. 16.

In *Zavalin v. Colvin*, the Court wrote that "when there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin*, 778 F.3d. 842, 846 (9th Cir. 2015) *citing Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007). The ALJ must ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable. *Id*. Failure to do so may result in a gap in the record that precludes a court from determining whether the ALJ's decision is supported by substantial evidence. *Id*.

I find that the ALJ failed to resolve the conflict and did not ask the vocational expert to explain why a person of Ms. Jackson's limitation could nevertheless meet the demands of the occupation of surveillance system monitor.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). I find that the record has not been fully developed considering the absence of the necessary expert testimony.

Plaintiff also argues that only the representative occupation of surveillance monitor should be considered on remand. Pl.'s Reply Br. 2, ECF No. 17. Upon close review of the record, I find that it cannot be established that surveillance monitor was identified as the *only* job plaintiff could do. Tr. 1976-1988. The case is remanded for further proceedings to allow the ALJ to resolve the conflict between occupational demands and plaintiff's established RFC for that time period.

Plaintiff has raised two other issues. As to the first, I find that the district court reached a prior decision and found that the ALJ properly discounted Tatturo Ogisu's assessment which precludes this court, under the "law of the case" doctrine, from reconsidering the issue. *Thomas v. bible*, 983 F.2d 152, 154 (9th Cir. 1993). The district court's prior decision discussed and ruled on Dr. Ogisu's assessment of plaintiff's reaching limitation as well as her exertional limitations. Tr. 1114-1115.

Second, because substantial evidence in the record shows that Ms. Jackson's bunions caused more than minimal effect on her ability to work for more than 12 months, I find the ALJ erred by failing to properly assess the severity of Ms. Jackson's bunions. The ALJ's decision is remanded to allow the ALJ to assess the severity of Ms. Jackson's bunion and incorporate the ALJ's findings into Ms. Jackson's RFC.

## **CONCLUSION**

We reverse and remand for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this 31st day of May, 2017.

      /s/Michael J. McShane
Michael J. McShane
United States District Judge